In
Superior court of record
Special term
at
Federal District Courthouse, District of Colorado

| | |
|---|---|
| Brett-Andrew: House of Nelson<br><br>*Plaintiff*<br><br>  v.<br><br>Dan Hotsenpiller, a man<br>Jessica Waggoner, a woman<br>Joshua Dougherty, a man<br>Lori Beth Talbot, a woman<br>*Defendant(s)* | CASE #<br><br><br><br>CLAIM AND ACTION OF<br>ABUSE OF PROCESS |

---

## ACTION AT LAW, ABUSE OF PROCESS

## DECLARATION

## VENUE

1. Venue is proper in this court of record in and for the District of Colorado for all events stated herein happened within the venue so stated. The Defendants, are a residents within the State of Colorado. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Gunnison, Colorado, which is in the territory known as Colorado.

## COMMENCEMENT

2. COMES NOW Brett Andrew: House of Nelson, who is at all times mentioned in the following declarations and actions at law, one of the People of Colorado, an American, having come of full age, having been found to be living, competent to give the testimony stated herein, (hereinafter "Plaintiff") and in this court of record, (hereinafter, "Superior Court") comes upon an action of abuse of process and sues defendants Dan Hotsenpiller, a man, Jessica Waggoner, a woman, Lori Beth Talbot, a woman and Joshua Dougherty, a man who are all residents of Colorado (hereinafter "Defendant(s)"). The primary cause of this action is

abuse of process by the actions of the Defendant(s), wherein Defendants, officers in the Colorado State District Court (hereinafter "Inferior Court") with knowledge that the orders of the inferior courts were voided by a common law arbitral tribunal, proceeded to enforce the voided orders and caused harm to Plaintiff by threatening Plaintiff's liberty and denying Plaintiff property/rights under the colour of law and authority.

## CAUSE OF ACTION

3. This is an action at law for abuse of process in a court of record, proceeding according to the course of the common law, to redress the abuse of process of the Defendant(s) on the following occasions. Plaintiff seeks an order and final judgment against the Defendant(s) from the Superior Court, finding and declaring, that the Defendant(s) have abused the process of the Inferior Court, thereby causing harm to Plaintiff, and for damages and remedy to be awarded to Plaintiff as stated herein.

## JURISDICTION

4. This Superior Court has original jurisdiction over these matters at law because all events regarding this cause action occurred within Garfield County in the territory of Colorado.

5. All Defendant(s) Shall Be process served with the file stamped copy of this action at law.

6. Venue is proper in this Superior Court in the District of Colorado.

7. Defendants have agreed by binding contract to this superior court of record proceeding according to the common law.

8. The warrant that is the preamble to the Constitution for the United States of America guarantees this court's actors will abide Amendment I which guarantees Plaintiff the right to redress. Defendants' Sovereign immunity does not bar this action at law as Defendant willfully vacated Defendants' office by acts in excess of law, constitution and statute at the time of occurrence. It is a fundamental principle of law that nobody is above the law and the lawful orders of a court of record including, but not limited to, all government actors. The government immunity clause only applies to government actors when they are performing their actions of their office defined by their office in good faith and that the UNITED STATES SUPREME COURT has made a ruling regarding public officials being held liable for actions done or failure to perform required actions, in the case of *MILLBROOK v. UNITED STATES* (477 Fed. Appx. 4). See also: *Bivens v. Six Unknown Named Agents*, 403 U.S. 388

(1971); *Murdock v. Penn.*, 319 US 105; *Owen v. City of Independence*, 100 S Ct. 1398; *Maine v. Thiboutot*, 100 S. Ct. 2502; and *Hafer v. Melo*, 502 U.S. 21.

## COURT OF RECORD

9. This Court is a "court of record" and it is a judicial tribunal having the following attributes "a-e" defined below with authorities cited:

   a) A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [*Jones v. Jones*, 188 Mo.App. 220, 175 S.W. 227, 229; *Ex parte Gladhill, 8 Metc. Mass.*, 171, per Shaw, C.J. See, also, *Ledwith v. Rosalsky*, 244 N.Y. 406, 155 N.E. 688, 689] [Black's Law Dictionary, 4th Ed., 425, 426]

   b) Proceeding according to the course of common law [*Jones v. Jones*, 188 Mo. App. 220, 175 S.W. 227, 229; *Ex parte Gladhill, 8 Metc. Mass.*, 171, per Shaw, C.J. See, also, *Ledwith v. Rosalsky*, 244 N.Y. 406, 155 N.E. 688, 689] [Black's Law Dictionary, 4th Ed., 425, 426]

   c) Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 *Bl. Comm. 24; 3 Steph. Comm*. 383; *The Thomas Fletcher*, C.C.Ga., 24 F. 481; *Ex parte Thistleton*, 52 Cal 225; *Erwin v. U.S.*, D.C.Ga., 37 F. 488, 2 L.R.A. 229; *Heininger v. Davis*, 96 Ohio St. 205, 117 N.E. 229, 231] [Black's Law Dictionary, 4th Ed., 425, 426]

   d) Has power to fine or imprison for contempt. [3 Bl. *Comm. 24; 3 Steph. Comm*. 383; *The Thomas Fletcher*, C.C.Ga., 24 F. 481; *Ex parte Thistleton*, 52 Cal 225; *Erwin v. U.S.*, D.C.Ga., 37 F. 488, 2 L.R.A. 229; *Heininger v. Davis*, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

   e) Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; *The Thomas Fletcher*, C.C.Ga., 24 F. 481; *Ex parte Thistleton*, 52 Cal 225; *Erwin v. U.S.*, D.C.Ga.,

37 F. 488, 2 L.R.A. 229; *Heininger v. Davis*, 96 Ohio St. 205, 117 N.E. 229, 231.]

[Black's Law Dictionary, 4th Ed., 425, 426]

10. "The word "magistrate" does not necessarily imply an officer exercising any judicial functions, and might very well be held to embrace notaries and commissioners of deeds." *Shultz v. Merchants' Ins. Co.*, 57 Mo. 336.

11. "…no statutory or constitutional court (whether it be an appellate or supreme court) can second guess the judgment of a court of record. "The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it." *Ex BUSTAMONTE*, 412 U.S. 218, 255 (1973)]

12. "Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the courts of the common law." *Ex Parte Kearny*, 55 Cal. 212; *Smith v. Andrews*, 6 Cal. 652.

## COURT FEES

13. The Warrant that is the Preamble guarantees Article I of the Constitution for the United States of America Plaintiff the right to redress by those claiming governmental authority. The United States District Court may not convert said right into a privilege by adding a fee (*Murdock v Pennsylvania* 319 US 105 (1943)) and if it does so Plaintiff has full right to ignore said fee and enjoy Plaintiff's right with impunity (*Shuttlesworth v Birmingham* , 373 USs 262) and Plaintiff retrains the right to redress for such action as per the preamble to the Constitution. Further, the court is invited to review *Caliste v. Cantrell*, 937 F.3d 525 (5th Cir. 2019) wherein due process prohibits the court from requiring Plaintiff to pay into any fund used for the administration of the court including but not limited to the Judicial Employment Fund.

## PARTIES

14. Brett-Andrew: House of Nelson, is one of the people of Colorado, has been found to be living, is an American and has come of full age.

15. Joshua Dougherty is a person who acted as deputy prosecution in the inferior nullity court cases including but not limited to 18M36, 17M167, a citizen and a public servant.

16. Jessica Waggoner is a person who acted as deputy prosecution in the inferior nullity court case 17CR63, a citizen and a public servant.

17. Dan Hotsenpiller is a person who oversaw the prosecution in the inferior nullity court cases including but not limited to 18M36, 17M167, & 17CR63, a citizen and a public servant.

18. Lori Beth Talbot is a person who acted in the role of attorney in the inferior case 15DR30, a citizen.

## FACTS OF THE CASE

19. Plaintiff now states the following facts regarding the events of July 28 in the year Two Thousand and Twenty and after, and declares the same in these causes of action to the best of Plaintiff's knowledge and recollection to wit:

20. At all times mentioned herein Plaintiff was and is one of the people of Colorado, and an American.

21. At all times mentioned herein Plaintiff is and was domiciled on private land, County of Alamosa, republic of Colorado.

22. At all times mentioned herein Plaintiff has been found to be living and has come of full age.

23. On or around 5/25/2018, Defendants, by Defendants' actions and with no coercion from Plaintiff, and being noticed of said contract, entered into the binding contract public record Document 369952, 374587 [Alamosa County] with Plaintiff;

24. Said contract guarantees through its terms and conditions that Defendants will adhere to the authority of this court of record.

25. On November 27, 2019 Plaintiff received a favorable arbitration award stating: Page 4 section ix: "It is ordered that the following case numbers: 17CR63, 15DR30, 18M36, 18M167and any other cases against Claimant past and arising its judgment(s), order(s), Pleading(s), Paper(s), and sentence(s) are void ab initio." (Attachment "A")

26. Defendants were noticed of the Arbitration judgment

27. The Respondents in the aforementioned arbitration proceeding did not move to vacate, modify or correct the award within the "three-month" limitation of 9 U.S.C. § 12 or the Colorado equivalent of 91 days per C.R.S. 13-22-223(2).

28. Defendants have proceeded with the enforcement of the inferior court void orders to the date of this filing;

29. Defendants, in the enforcement of the void orders have denied Plaintiff property;

30. Defendants have requested warrants be issued for Plaintiff from the inferior cases.

31. Plaintiff has been unable to work based upon the actions of Defendants in the enforcement of the void orders.

## Claim: Abuse of Process
### Argument with law

32. This court will take mandatory judicial notice of article I section 10 of The constitution for the United States of America: "No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of

Attainder, ex post facto Law, <u>or Law impairing the Obligation of Contracts</u>, or grant any Title of Nobility." Defendants have used their positions as officers of the inferior courts to impede the obligation of contract by denying Plaintiff property and remedy as guaranteed through contract and awarded in a binding arbitration award. Further, this court shall not impede the obligation of contract where Defendants and Plaintiff through binding contract have agreed to this court of record to redress.

33. Arbitration is binding and a higher authority than the commercial JUDICIARY COURTS OF THE STATE OF COLORADO which are listed on the public record of Dunn and Bradstreet as for profit privately held corporations. The common law is the highest form of man-made law and supersedes the authority of the inferior State commercial courts. *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175-76 (2d Cir. 1984) makes clear that confirmation of the award is not necessary for Plaintiff to make this claim; "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. *See* M. Domke, *The Law and Practice of Commercial Arbitration* § 37.02 (1968). The award need not actually be confirmed by a court to be valid. An unconfirmed award is a contract right that may be used as the basis for a cause of action, *E.A. Bromund Co. v. Exportadora Affonso de Alburquerque,* 110 F.Supp. 502, 502-03 (S.D.N.Y.1953); 3 Fed.Proc.L.Ed. § 4:93." "When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding" and Defendants are bound by law, contract and maxim to the authority of the arbitration award "An Award is a judgment" *Arbitrium est judicium* (Maxim of law Black's, law Dict. 10th Edition Page 1,901). The award is unchallenged and is a judgment that this court shall utilize for this cause of action.

34. Defendants, with knowledge that the inferior commercial court was found void of authority and jurisdiction over Plaintiff and that all orders of any commercial court against Plaintiff are void *ab initio*, proceeded to enforce the void orders in an abusive process in excess of law. Defendants have utilized the void orders to punish Plaintiff, deny Plaintiff property in excess of law and constitution, and have threatened Plaintiff's liberty with void warrants causing Plaintiff harm in the inability to generate income.

## CONCLUSION

35. No provision of law in any jurisdiction of law allows for the enforcement of void orders and the enforcement of void orders is an egregious error. Defendants, with knowledge that the orders of the inferior court were void *ab initio*, used their respective positions as officers with the inferior courts to enforce the void orders against Plaintiff. Defendants perverted a legal process into an outlawed process to enforce Defendants' will in excess of law with the ulterior motive of harming Plaintiff and generating revenue for the State. Plaintiff has been harmed in these unlawful and illegal actions as Plaintiff has a constant threat to Plaintiff's liberty preventing Plaintiff from generating income and Plaintiff has had property removed in excess of law.

## PLEDGE

36. The Plaintiff in common pledges to prosecute Defendant(s) at law in this court of record until this matter and action are concluded, justice is rendered, and damages have been collected.

## RELIEF DEMANDED

*Wherefore* Plaintiff demands and seeks judgment against all named Defendants as follows:

37. That Defendant pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' abuse of process for the year of income lost by Defendants' abuse of process this shall include an additional $550,000.00USD from each defendant for the abuse of

process, attack on Plaintiff's substantive rights and unlawful administration of Plaintiff's estate.

38. That Defendants immediately return all property to Plaintiff.

39. That Defendants withdraw all claims/complaints in the inferior courts.

40. That shall Defendants retaliate or fail to adhere to the orders of the court of record within ten (10) days of judgment, the amount owed be ordered to be ten times (10x) the original amount.

41. That shall defendants fail to pay the amount owed within 30 days of judgment, the amount owed shall double (2x) the original amount.

42. That Defendants pay to Plaintiff costs of the lawsuit incurred herein including, but not limited to, all necessary research, all nonjudicial enforcement and all reasonable counsel's fees, at a minimum of $250.000 per hour worked (Plaintiff's standard professional rate at start of this action).

43. That Plaintiff have such other and further relief as this Court deems just and proper, under the circumstances of this action.

## VERIFICATION

I, Brett-Andrew: House of Nelson, *Sui Juris*, Plaintiff in the above entitled action, hereby verify under penalty of perjury, under the laws of the United States of America, that the above statements of facts and laws is true and correct, according to the best of my current information, knowledge, and belief, so help me God.

_____
Brett-Andrew: House of Nelson
One of the people of Colorado
Estate dignitary – Plaintiff
[PO Box 22, Mosca CO 81146]

Teste meipso:  Brett Andrew: House of Nelson, sovereign of the court, holder of the seal of this court, with said seal thereof, hereunto affixed, attested by his own hand, who stands upon the land, Republic of Colorado this 28 Day of July in the Year Two Thousand Twenty.

Seal: